Rosen & Kantrow, PLLC
Proposed Attorneys for IBK Partners Inc.
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Deborah L. Dobbin

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                      Chapter 11
                                                            Case No.: 19-72940-reg

IBK Partners Inc.,

                                Debtor.
----------------------------------------------------------X

IBK Partners Inc.,                                          Adv. Proc. No. 19-___-reg

                                Plaintiff,

                -against-

195 Saint James Lender, LLC,

                                Defendant.
----------------------------------------------------------X

## COMPLAINT

      IBK Partners, Inc., the Chapter 11 Debtor and Plaintiff herein (the "Plaintiff"), by and

through its proposed attorneys, Rosen & Kantrow, PLLC, as and for its complaint in this

adversary proceeding against the Defendant 192 St. James Lender, LLC ("Defendant"),

respectfully represents and states as follows:

### NATURE OF THE PROCEEDING

      1.      The Plaintiff brings this action to against the Defendant for specific performance

of a Stipulation and Reduced Payoff Agreement in Foreclosure Action executed in February

2019 and a Stipulation Reaffirming and Modifying Stipulation and Reduced Payoff Agreement

in Foreclosure Action dated February 27, 2019, and for damages stemming from breach of the

said Stipulations.

## JURISDICTION AND VENUE

2.      Since this action arises under the pending Chapter 11 bankruptcy case of the Debtor, the United States Bankruptcy Court, Eastern District of New York (the "Court") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      The statutory predicates for the claims asserted herein are Sections 105 and 541 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), and (b)(2)(O).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408(1) and 1409(a).

6.      In the event that this Court determines that the causes of action, as alleged herein, are not core proceedings, the Plaintiff consents to the entry of a final order and judgment by this Court determining such causes of action.

## THE PARTIES

7.      IBK Partners, Inc., the Chapter 11 Debtor and Plaintiff herein, is the assignee and successor in interest of McWolle Development Corp.

8.      Defendant 195 Saint James Lender, LLC, is a domestic limited liability company with a designated office for service of process located at 256 West 116th Street, 2nd Floor, New York, New York 10026.

## FACTS

9.      The Debtor, and Plaintiff herein, filed a voluntary chapter 11 petition with this Court on March 21, 2019.

10.     The Debtor is the owner of two commercial properties known as 195 Saint James

2

Place, Brooklyn, N.Y. ("Saint James Property") and 365 Macon Street Property, Brooklyn, New York, ("Macon Street Property") (together, referred to as the "Properties").

11.     On or about August 23, 2016, the Defendant, as lender ("Lender") loaned the Plaintiff's assignor McWolle Development Corp. ("McWolle" or "Borrower"), up to the sum of $3,850,000.00 (the "Loan").

12.     The Loan is secured by a Mortgage, Assignment of Leases and Rents and Security Agreement dated August 23, 2016 given by Defendant-Lender to Borrower which mortgage encumbers both Properties.

13.     The Loan is evidenced by a Secured Promissory Note dated as of August 23, 2016 given by Borrower to Lender.

14.     Borrower defaulted under the Note and Mortgage and Lender commenced an action in the Supreme Court of the State of New York, County of Kings entitled *195 Saint James Lender, LLC v. McWolle Development Corp., et al.,* under Index No.: 500630/2017 to foreclose the Mortgage (the "Foreclosure Action").

15.     On March 8, 2016, the Court entered a Judgment of Foreclosure and Sale listing on the face page of the Judgment, the foreclosure of the Saint James Property as "Parcel I" and the Macon Street Property as "Parcel II".

16.     Page three of the Judgment of Foreclosure and Sale provided in bold font that "Said Referee shall offer Parcel I and Parcel II (as defined herein) for sale first as individual parcels and thereafter Parcel I and Parcel II shall be put up for sale in bulk, which parcels shall be struck off to the highest bidder who will offer the highest price for sale as individual parcels or in bulk…"

17.     In or about February 2019, the Borrower and Lender as parties to the Foreclosure

3

Action, entered into a Stipulation and Reduced Payoff Agreement In Foreclosure Action (the "Reduced Payoff Stipulation") providing that as consideration of Borrower's performance in accordance with the terms of the Stipulation, the Lender would accept a discounted payoff amount of $4.3 Million Dollars (the "Discount Payoff Amount") on or before February 27, 2019 (the "Discount Payoff Deadline").

18.     Paragraph 6 of the Reduced Payoff Stipulation provided that, "[I]f the Plaintiff does receive the Discount Payoff Amount on or before the Discount Payoff Deadline in accordance with the requirements herein, the Loan shall be deemed satisfied in full…"

19.     The Reduced Payoff Stipulation did not specify how the payoff was to be accomplished or specify that a single closing was to occur.

20.     Paragraph 9 of the Reduced Payoff Stipulation itemizes Events of Default and does not prevent Borrower from closing on each property individually so long as the Discount Payoff Amount is made on or before the Discount Payoff Deadline.

21.     In consideration for Lender's execution of the Stipulation, the Borrower gave a general release to the Lender.

22.     Borrower consented to the immediate entry of an order granting a motion to schedule the foreclosure sale and agreed to and did execute a separate stipulation of consent to the immediate entry of an order granting the motion to schedule the foreclosure sale (the "Scheduling Stipulation").

23.     On February 27, 2019, Michael Weinreb, Esq. of Omni Title Agency ("Omni") advised the parties that Omni was ready to close on the Macon Street Property once the Lender provided a payoff of the mortgage.

24.     As early as February 2019, Lender was aware that the Properties would each close

individually.

25.     On or about February 27, 2019, Borrower and Lender entered into a Stipulation

Reaffirming and Modifying Stipulation and Reduced Payoff Agreement in Foreclosure Action

("Modifying Stipulation") wherein the parties to the Modifying Stipulation agreed to modify the

Reduced Payoff Stipulation by extending the Discount Payoff Deadline to March 15, 2019 and

scheduling a foreclosure sale for March 21, 2019, in exchange for the sum of $1,000.

26.     The Modifying Stipulation reaffirmed the Scheduling Stipulation and the Reduced

Payoff Stipulation (collectively the "Stipulations").

27.     The Stipulations were prepared by Lender's counsel.

28.     The Modifying Stipulation was prepared by Lender's counsel once it knew that

Plaintiff was ready, willing and able to close by the extended deadline of March 15, 2019.

29.     McWolle obtained a mortgage commitment in the sum of $1.2 Million from

Finance of America Commercial LLC in connection with the Macon Street Property ("Parcel I").

30.     On February 27, 2019, McWolle obtained a mortgage commitment from A & F

Capital Inc. in the sum of $3,525,000.00, with an initial advance of $3.1 Million to pay off the

existing mortgage in connection with the Saint James Property ("Parcel II").

31.     By check #1322 dated February 27, 2019, A& F Capital was paid the

commitment fee in the sum of $35,250.00 representing 1% of the total loan amount.

32.     A copy of the mortgage commitment from A & F Capital Inc. together with a

copy of check #1322 was forwarded by counsel for McWolle to Defendant's counsel by email

sent at 11:42 a.m. on February 27, 2019.

33.     Defendant knew that based upon these two commitments that McWolle had the

financial ability to close on or before the Discount Payoff Deadline whereat the Defendant would

be paid the Discount Payoff Amount of $4.3 Million.

34.    On March 6, 2019 at 5:47 p.m., counsel for McWolle advised counsel for the Defendant by email correspondence, that McWolle could immediately close on Parcel 1 and then close Parcel 2 on March 13, 2019 and requested a time for the closings.

35.    In response to the March 6, 2019 email, Defendant's counsel replied by email correspondence on March 6, 2019 at 6:07 p.m., asking whether the two parcels could close simultaneously on March 13, 2019.

36.    To accommodate Defendant's request that both parcels close on March 13, 2019, McWolle was required to expend the sum of $3,500.00 to its lender on the Macon property for an extension to 1:00 p.m. on March 13, 2019.

37.    By email dated March 8, 2019 at 1:44 p.m., McWolle's counsel advised Defendant's counsel that both parcels were clear to close on March 12, 2019 with Parcel 1 closing in the morning and Parcel 2 closing immediately thereafter with the closing to take place at Omni Title Company and provided the address of the offices for closing.

38.    Defendant's counsel was aware that the title company performing the closing was Omni Title Company.

39.    By email dated March 8, 2019 at 6:01 p.m., McWolle's counsel further advised Defendant's counsel that it was impossible to close both parcels simultaneously and had to be closed consecutively since they are two separate properties closing on the same day with two different lenders.

40.    By email dated March 9, 2019 at 4:54 pm., counsel for Defendant stated, "**I understand**- just that there cannot be a release of either property from the mortgage until the full indebtedness is paid." (Emphasis supplied).

41.     Defendant's counsel clearly acknowledged that he understood that there would be two separate closings on the same day, and that the releases would have to be escrowed until both closed.

42.     On March 11, 2019 at 2:58 p.m., Defendant's counsel inquired by email whether the closing was still scheduled for March 12, 2019 and inquired of McWolle's counsel whether he would need undertakings to provide satisfactions of mortgage and discontinuance of the foreclosure action.

43.     Defendant's counsel knew that there would be two satisfactions of mortgage given with respect to the two parcels.

44.     On March 12, 2019, McWolle, Finance of America Commercial, LLC, and A & F Capital, Inc. appeared at the closing.

45.     On March 12, 2019, a HUD-1 was prepared in connection with the loan from Finance of America Commercial, LLC.

46.     Check #1880 dated March 12, 2019 in the sum of $144,662.82 was issued by 66 FGP LLP to Omni Title in connection with the Macon Street Property.

47.     Clearly, McWolle was ready, willing and able to close on March 12, 2019.

48.     Defendant failed to appear at the March 12, 2019 closing or to present any satisfactions, escrow documents or any undertakings.

49.     On or about March 12, 2019, Defendant breached the terms of the Stipulations and demanded that McWolle pay the additional sum of $2.5 Million dollars in order for Defendant to close the Macon Street Property and give a partial release.

50.     Defendant acted in bad faith in not showing up at the closing and in demanding a release price far in excess of the value of the building it had asserted in McWolle's prior chapter

11 proceeding.

51.  On March 12, 2019 at 6:43 p.m., McWolle's counsel advised Defendant's counsel that his loan commitments expired March 13, 2019 and that he would give Defendant until 1:00 pm. to close the deals.

52.  On March 12, 2109 at 7:24 p.m., McWolle's counsel emailed Defendant's counsel, "As you will recall all was ready for today.  We moved up the closing because of your client's insistence on the "simultaneous" closing.  We arranged for both to occur on the same day.  One after the other.  It is in your client's and my client's best interest this close tomorrow."

53.  On March 13, 2019 at 9:15 p.m., Defendant's counsel erroneously stated that "there was never any statement or indication that your clients, you, Mr. Hemmings or Mr. Weinreb that the borrowers were prepared to fund the Discounted Payoff in full today."

54.  Based on prior email communications, Defendant's counsel knew that McWolle intended to close and that Omni Title was closing the title.

55.  Defendant's counsel knew that Mr. Hemmings was the closing attorney with respect to both Properties.

56.  On March 13, 2019 at 5:57 a.m., McWolle's counsel advised Defendant's counsel that both banks were present to close on March 12, 2019 and advised Defendant's counsel that the banks are ready to close but that it must occur before 1:00 p.m.  He further advised Defendant's counsel to contact the Plaintiff's closing attorney or Michael Weinreb for any details.

57.  By email dated March 13, 2019 at 6:20 a.m. Defendant's counsel responded asking for information that he already had, and asked, "What is needed to close today? "He then sent another e-mail at 8:54 a.m., asking "Who is your client's closing attorney anyway?" after he

had been copied on e-mails with that attorney the day before.

58.    In the e-mail sent on March 13, 2019 at 6:20 a.m., Defendant's counsel sent a letter to Omni Title and counsel for McWolle advising that they would provide a fully-executed Satisfaction of Mortgage within one business day of the receipt of the discounted payoff sum in full, if received on or before 5:00 p.m. on March 15, 2019 (the "March 13 Letter").

59.    The failure to provide either an undertaking or a Satisfaction of Mortgage at the March 13, 2019 closing before the 1:00 p.m. expiration of McWolle's loan commitments was a breach of the Stipulations and created an impossibility for McWolle to timely close.

60.    The March 13 Letter is evidence of Defendant's breach of the Stipulations.

61.    On March 13, 2019, McWolle, Finance of America Commercial, LLC, and A & F Capital, Inc. appeared at the closing.

62.    Defendant failed to appear at the March 13, 2019 closing or to provide any of the required documents needed to close.

63.    At the March 13, 2019 closing, Finance of America Commercial, LLC advised the parties that they had until 2:00 p.m. to close.

64.    Defendant is a sophisticated lender and knew or should have known that the closings on the Properties could only occur in succession.

65.    Defendant was well-aware that Plaintiff obtained funding from two separate lenders and that each parcel required its own closing.

66.    Plaintiff was ready willing and able to close on or before the Discount Payoff Deadline and to provide Defendant with the full $4,300,000.00 payment with the Satisfactions to be held in escrow with the title company until both loans closed.

67.    Defendant failed to appear at any closing to effectuate the closing of both loans..

68.     Defendant failed to provide a payoff of the mortgage on or before the Discount Payoff Deadline making it impossible for Plaintiff to close.

69.     Defendant had a duty of good faith to facilitate the closing as long as they received the Discounted Payoff Amount by March 15, 2019.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract-Specific Performance)

70.     Plaintiff repeats and realleges that allegations contained in Paragraphs "1" through "69" of this Complaint as though fully set forth herein.

71.     The Stipulations provided for a sum certain to be paid by Plaintiff to the Defendant in order to satisfy the mortgage indebtedness.

72.     The Stipulations did not limit Plaintiff's ability to obtain financing against each of the two Properties and close on each property in order to payoff the amounts due Defendant

73.     Plaintiff was and is ready, willing and able to close and satisfy Defendant's mortgage lien in full as against the Properties.

74.     By refusing to close on the two loans obtained by Plaintiff which would result in a payoff in full to the Defendant under the Stipulations, the Defendant has unilaterally terminated the Agreements.

75.     Defendant has breached the Stipulations.

76.     Based on the foregoing, Plaintiff is entitled to specific performance of the Stipulations.

## AS AND FOR A SECOND CAUSE OF ACTION
(Declaratory Judgment)

77.     Plaintiff repeats and realleges that allegations contained in Paragraphs "1"

through "76" of this Complaint as though fully set forth herein.

78.     Plaintiff was ready, willing, and able to close by or before the Discount Payoff Deadline.

79.     Plaintiff had the financial ability to close on the agreed closing date.

80.     Plaintiff appeared at the closings.

81.     Defendant wanted to get out of the deal and attempted to do so by not allowing Plaintiff to close each loan separately back-to-back on the same day so that by the end of the day, Defendant would have been paid in full per the Stipulations.

82.     Defendant acted in bad faith in failing to appear at the closings.

83.     Defendant knew or should have known, given that there were two properties, that it was necessary to have two separate closings in order to pay off the loan.

84.     The Judgment of Foreclosure and Sale provided for the sale of individual parcels.

85.     Based on the foregoing, Plaintiff is entitled to judgment declaring (1) that Plaintiff be permitted to close on the Properties individually by closing on the Macon Property and then closing on the Saint James Property with all documents being held in escrow until both closings are complete so that Defendant can be paid in full under the Stipulations; and (2) that Defendant prepare Satisfactions of Mortgage in connection with both Properties to be held in escrow until both Properties close; and (3) permitting the Properties to close back-to-back in escrow, if necessary and providing that Defendants will appear at any and all closings, act in good faith, and execute any and all documents necessary to close on the Properties

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract-Monetary Damages)

86.     Plaintiff repeats and realleges that allegations contained in Paragraphs "1"

through "85" of this Complaint as though fully set forth herein.

87.    Defendant attempted to modify the Stipulations by demanding the sum of $2.5 million to close the properties individually.

88.    Defendant breached the Stipulations by communicating its intent to perform only upon the satisfaction of certain untenable extra conditions not specified in the Stipulations.

89.    Defendant created an impossibility in performance by failing to appear at the closings scheduled in connection with the payoff of their loan.

90.    Defendant unilaterally modified the terms of the Stipulations by requiring additional sums to be paid by Plaintiff to the Defendant in order to close the loans needed to pay off the amount due under the Stipulations.

91.    Upon information and belief, the Defendant's breach of the Stipulations was willful and intentional.

92.    Plaintiff was damaged as a result of Defendant's breach of the Stipulation.

93.    Based on the foregoing, Plaintiff is entitled to damages including but not limited to consequential damages stemming from the Defendant's breach of the Stipulations.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant on the following:

(a)  On the First Cause of Action for specific performance of the Stipulations;

(b)  On the Second Cause of Action declaring (1) that Plaintiff be permitted to close on the Properties individually by closing on the Macon Property and then closing on the Saint James Property with all documents being held in escrow until both closings are complete so that Defendant can be paid in full under the Stipulations; and (2) that Defendant prepare Satisfactions of Mortgage in connection with both Properties to be held in escrow until both Properties close; and (3) permitting the Properties to close

back-to-back in escrow, if necessary and providing that Defendants will appear at any and all closings, act in good faith, and execute any and all documents necessary to close on the Properties;

(c) On the Third Cause of Action, in an amount to be determined at trial;

(d) For the costs, disbursements, and attorneys' fees that Plaintiff incurs in this action; and

(e) For such other and further relief as the Court deems just and proper.

Dated:          Huntington, New York
                May 8, 2019

                                        ROSEN & KANTROW, PLLC
                                        Attorneys for the Debtor-Plaintiff

                                        BY:    S/Avrum J. Rosen
                                               Avrum J. Rosen
                                               Deborah L. Dobbin
                                               38 New Street
                                               Huntington, New York 11743
                                               (631) 423-8527
                                               arosen@rkdlawfirm.com